UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/2/18
```

ASHIQ K. SAUDAGAR,

                Plaintiff,

—against—

WALGREENS CO., and DUANE READE INC.,

                Defendants.

Case No. 18-cv-437 (KPF)

## AMENDED

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Dated: July 27, 2018

Ashiq K. Saudagar
Plaintiff, *pro se*

S.D. OF N.Y.

2018 AUG -2 AM 10:42

SDNY PRO SE OFFICE
RECEIVED

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................1

FACTUAL BACKGROUND.....................................................................................2

ARGUMENT..............................................................................................................4

    A.   APPLICABLE LEGAL STANDARD..........................................................4

    B.   EQUITABLE TOLLING IS WARRANTED..............................................4

        1.   Plaintiff's limitations period to timely file a complaint of discrimination with the NYSDHR or EEOC should be equitably tolled....................5

        2.   Plaintiff's limitations period to timely file an action against Defendants in federal or state court should be equitably tolled..........................7

    C.   PLAINTIFF'S COMPLAINT SHOULD BE CONSTRUED TO PLEAD A SECTION 1981 RACE DISCRIMINATION CLAIM........................................8

    D.   LEAVE FOR PLAINTIFF TO AMEND THE COMPLAINT IS WARRANTED......................................................................................10

CONCLUSION........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

Adams v. Horton,
    No. 17-2061, 2018 WL 2684050 (2d Cir. June 4, 2018)..................................10

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..........................................................................................9

Baldayaque v. U.S.,
    338 F.3d 145 (2d Cir. 2003).......................................................................5, 6, 8

Bolarinwa v. Williams,
    593 F.3d 226 (2d Cir. 2010)..............................................................................6

Branum v. Clark,
    927 F.2d 698 (2d Cir. 1991)............................................................................10

Braxton v. Nichols,
    No. 08 Civ. 08568(PGG), 2010 WL 1010001 (S.D.N.Y. Mar. 18, 2010).........1

Brown v. Parkchester South Condominiums,
    287 F.3d 58 (2d Cir. 2002)............................................................................6, 7

Canales v. Sullivan,
    936 F.2d 755 (2d Cir. 1991)..............................................................................6

Como v. O'Neill,
    No. 02 Civ. 0985(HB), 2002 WL 31729509 (S.D.N.Y. Dec. 4, 2002).............4

Cuoco v. Moritsugu,
    222 F.3d 99 (2d Cir. 2000)..............................................................................10

Dawson v. N.Y.C. Transit Auth.,
    624 Fed.Appx. 763 (2d Cir. 2015).....................................................................9

Ellul v. Congregation of Christian Bros.,
    774 F.3d 791 (2d Cir. 2014)..............................................................................5

Estevez v. S & P Sales and Trucking LLC,
    17 Civ. 1733 (PAE), 2017 WL 5635933 (S.D.N.Y. Nov. 22, 2017)..................9

Gomez v. USAA Federal Sav. Bank,
    171 F.3d 794 (2d Cir. 1999)............................................................................10

Harper v. Ercole,
    648 F.3d 132 (2d Cir. 2011)..................................................................5, 6, 8

Lewis v. University Towers Apartment Corp.,
    17-CV-972 (MKB), 2017 WL 1373879 (E.D.N.Y. Apr. 13, 2017)..................11

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)..............................................................................9

Menominee Indian Tribe of Wisconsin v. U.S.,
    136 S.Ct. 750 (2016).........................................................................................5

Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,
    7 F.3d 1085 (2d Cir. 1993) ...............................................................................9

Moore v. Cajigas,
    No. 12 Civ. 4120(WHP), 2013 WL 4734829 (S.D.N.Y. Aug. 20, 2013)..........4

Nettis v. Levitt,
    241 F.3d 186 (2d Cir. 2001)............................................................................10

Ricciuti v. N.Y.C. Transit Auth.,
    941 F.2d 119 (2d Cir. 1991)............................................................................10

Roberts v. Fischer,
    No. 13 Civ. 2560(WHP), 2014 WL 3858520 (S.D.N.Y. July 28, 2014)..........9

Young v. Lord & Taylor, LLC,
    937 F.Supp.2d 346 (E.D.N.Y. 2013)................................................................9

**Statutes and Other Authorities**

42 U.S.C. § 1981................................................................................1, 8, 9, 10

Rule 12(b)(6) of the Federal Rules of Civil Procedure.........................................4

Rule 15(a) of the Federal Rules of Civil Procedure............................................10

## PRELIMINARY STATEMENT

Plaintiff Ashiq K. Saudagar, *pro se*, respectfully submits this memorandum of law in opposition to Defendants' motion to dismiss Plaintiff's Complaint.[1]

Plaintiff's limitations period to timely file a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") should be equitably tolled due to his medical conditions.

Plaintiff does not contest that his claims under the New York State Human Rights Law ("NYSHRL") are precluded by the elections of remedies doctrine. Plaintiff thus requests that the limitations periods for his claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York City Human Rights Law ("NYCHRL") be equitably tolled due to his medical conditions.

Plaintiff's Complaint should be construed to plead a race discrimination claim under 42 U.S.C. § 1981, because such a claim, which has a four-year statute of limitations, is not time-barred and would not be futile. In the alternative, Plaintiff should be granted leave to amend his Complaint to add such a claim.

Plaintiff respectfully requests that the Court consider all facts included in this motion that were not included in the Complaint to supplement the Complaint, which is permissible since Plaintiff is *pro se*. See Braxton v. Nichols, No. 08 Civ. 08568(PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010).

---

[1] This document was prepared with assistance by the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York.

1

## FACTUAL BACKGROUND

Plaintiff was born in Pakistan in 1963. Plaintiff is of South Asian descent. (Compl. ¶ 1.) On January 10, 2000, Plaintiff began employment as an assistant store manager at Defendants' store formerly located at Broadway and 91st Street ("91st Street Store"). (Compl. ¶ 4.)

In or about June 2005, Plaintiff was promoted to the position of store manager. (Compl. ¶ 4.) Plaintiff's employment with Defendants went smoothly until about 2009 when Daniel Gralton became the district manager for the Duane Reade district in which Plaintiff worked. Gralton is of Caucasian descent. (Compl. p.2). In or about August 2010, Plaintiff was transferred to Defendants' store located at 111 Worth Street, New York, New York 10013 ("Worth Street Store"). Gralton remained his direct supervisor.

Plaintiff worked under many district managers in his nearly fifteen years of employment with Defendants, but only Gralton was hateful, demeaning, and racially discriminatory toward him. (Compl. p.2.) Gralton often visited the Worth Street Store to supervise, and during these visits, he tossed around store merchandise in disgust while making insulting comments like "This is America, not Pakistan" and "I don't like working with South Asian people like Indians, Bengalis, and Pakistanis." (Compl. p.6–7.) Gralton has insulted Plaintiff by calling him a "lowlife" and even threatened to take away Plaintiff's position and to get Plaintiff's "f**king head blown off." (Compl. p.3.) In or about June 2012, Plaintiff suffered a stroke due to the stress that Gralton subjected Plaintiff to at work. Plaintiff suffered permanent damage and loss of vision in his left eye as a result. (Compl. p.7.)

On information and belief, Gralton fired a number of Duane Reade store managers, many if not all of whom are of South Asian descent. In 2013, on information and belief, Gralton fired two Duane Reade store managers of South Asian descent. In 2014, on information and belief,

2

Gralton fired three Duane Reade store managers of South Asian descent before firing Plaintiff in late 2014. On November 19, 2014, Gralton fired Plaintiff. (Compl. ¶ 4.)

After Plaintiff was fired, he immediately contacted Defendants' fraud and employee relations hotlines to report discriminatory firing on the basis of his race, color, and national origin. Plaintiff also consulted with a number of attorneys pursuant to this matter in the months after his firing.

In or about June 2015, Plaintiff was diagnosed with Major Depressive Disorder and Posttraumatic Stress Disorder. Plaintiff attended psychotherapy treatment sessions with a psychotherapist in Hastings-on-Hudson, New York from about June 2015 to March 2016. Plaintiff was also taking psychotropic medications, which often affected his memory and recall, and made him feel nauseous, groggy, and exhausted.

On or about October 19, 2015, Plaintiff dually filed complaints with the NYSDHR and EEOC against Defendants for discriminating against him based on his race, color, and national origin.

From about March 2016 to June 2017, Plaintiff attended psychotherapy treatment sessions with a psychotherapist in Yonkers, New York. During this time, Plaintiff took over forty medications as directed by his psychotherapist, many of which often affected his memory and recall, and made him feel nauseous, groggy, and exhausted. Plaintiff continues to attend treatment sessions with this psychotherapist.

On April 11, 2016, the NYSDHR dismissed Plaintiff's complaint. On or about June 23, 2016, the EEOC issued Plaintiff a notice of a right to sue Defendants in federal or state court.

In or about July 2016, Plaintiff attempted to end his life. On or about July 27, 2016, Plaintiff suffered a second stroke and was rushed to the Intensive Care Unit at Saint Joseph's

Medical Center for emergency care. Plaintiff was in a coma for a week. On or about August 19, 2016, Plaintiff was hospitalized again at Saint Joseph's Medical Center because the doctors were concerned that he would suffer a heart attack. On or about August 24, 2016, Plaintiff was hospitalized at Saint Vincent's Hospital because of depression and anxiety. After his discharge from Saint Vincent's Hospital about a week later, Plaintiff was partially hospitalized there until late September 2016 to receive treatment for depression and anxiety.

From late September 2016 to the present, Plaintiff attended psychotherapy treatment sessions at Saint Vincent's Hospital for depression, and suicidal thoughts.

On November 21, 2017, Plaintiff sued Defendants in New York State Supreme Court for the County of New York for discriminating against him based on his race, color, and national origin. The case was removed to this Court.

## ARGUMENT

### A. APPLICABLE LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he factual allegations of a complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor." Moore v. Cajigas, No. 12 Civ. 4120(WHP), 2013 WL 4734829, at *2 (S.D.N.Y. Aug. 20, 2013). When a complaint alleges civil rights violations, as Plaintiff's Complaint does, this standard is "applied with particular strictness." Id.

### B. EQUITABLE TOLLING IS WARRANTED

Courts may apply the doctrine of equitable tolling to "prevent unusually harsh results from dismissals when there are excusable reasons for a plaintiff's failure to meet the required time limitation." Como v. O'Neill, No. 02 Civ. 0985(HB), 2002 WL 31729509, at *4 (S.D.N.Y. Dec. 4, 2002). The doctrine of equitable tolling applies if the litigant can establish (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Menominee Indian Tribe of Wisconsin v. U.S., 136 S.Ct. 750, 755 (2016); see Ellul v. Congregation of Christian Bros., 774 F.3d 791, 801 (2d Cir. 2014). These "diligence" and "extraordinary circumstances" prongs are considered separately by a court, and the litigant must establish both prongs in order to warrant equitable tolling. Menominee, 136 S.Ct. at 756.

The "diligence" prong requires the litigant to show that he "act[ed] as diligently as reasonably could have been expected under the circumstances." Harper v. Ercole, 648 F.3d 132, 138–39 (2d Cir. 2011) (quoting Baldayaque v. U.S., 338 F.3d 145, 153 (2d Cir. 2003)). The "extraordinary circumstances" prong requires the litigant's showing of an external obstacle that is both extraordinary and beyond his control. Menominee, 136 S.Ct. at 756. The Second Circuit has defined "extraordinary" to refer "not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." Harper, 648 F.3d at 137. The litigant must not only show that he "experienced extraordinary circumstances," but also that "those circumstances caused him to miss the original filing deadline." Id.

1. **Plaintiff's limitations period to timely file a complaint of discrimination with the EEOC should be equitably tolled.**

Plaintiff satisfies the "diligence" prong of the equitable tolling test. Plaintiff was fired on November 19, 2014 and had until about September 15, 2015 to file a complaint of discrimination with the NYSDHR or EEOC. He filed those complaints on October 19, 2015. Between his firing and the filing, Plaintiff pursued his rights diligently: immediately after his firing, Plaintiff contacted Defendants' fraud and employee relations hotlines to report discriminatory firing on the basis of his race, color, and national origin. Plaintiff also consulted with a number of attorneys pursuant to this matter in the months after his firing. This was as much as could have

5

been expected of Plaintiff in the way of diligence during this period, given that he was diagnosed with Major Depressive Disorder and Posttraumatic Stress Disorder in June 2015. These diagnoses required Plaintiff to attend psychotherapy treatment sessions with a psychotherapist in Hastings-on-Hudson, New York, which Plaintiff did until March 2016 when he transferred to a different psychotherapist in Yonkers, New York. Plaintiff was also required to take psychotropic medications, which often affected his memory and recall, and made him feel nauseous, groggy, and exhausted. Plaintiff's efforts to find counsel during this period when he was so ill are sufficient to satisfy the "diligence" prong, because "reasonable diligence" is the standard, not "extreme" or "exceptional diligence." Baldayaque, 338 F.3d at 153 (vacating dismissal of the plaintiff's untimely filing and remanding to district court for consideration of the plaintiff's reasonable diligence under circumstances like his efforts to secure counsel).

Plaintiff satisfies the "extraordinary circumstances" prong of the equitable tolling test because external obstacles—Plaintiff's diagnoses with Major Depressive Disorder and Posttraumatic Stress Disorder in June 2015, and subsequent psychotherapy sessions and taking of psychotropic medications required for these diagnoses—are both extraordinary and beyond his control. The Second Circuit has held that a litigant's "medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances . . . ." Harper, 648 F.3d at 137 (vacating dismissal of the plaintiff's untimely filing due to his hospitalization); Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010) (vacating dismissal of the plaintiff's untimely filing and holding that mental illness can justify equitable tolling); Brown v. Parkchester South Condominiums, 287 F.3d 58, 60 (2d Cir. 2002) (vacating dismissal and remanding to the district court for an evidentiary hearing on whether the plaintiff's medical condition warrants equitable tolling); Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991) (same but regarding mental impairment).

6

"[E]quitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition." Brown, 287 F.3d at 60.

The "continuing and worsening effect" that Plaintiff's medical conditions have had on his mental state, see id. at 61, is clear here. Plaintiff's underlying psychiatric conditions had a detrimental effect on his ability to actively pursue this case. In addition, the psychotropic medications that Plaintiff began taking after his diagnoses often detrimentally affected his cognitive functions, and physical wellbeing. It is evident that Plaintiff's medical conditions were severe enough to impede timely filing because a few short months after he filed his complaint with the EEOC, Plaintiff attempted suicide. See id. at 60 ("Although the documentation of Brown's medical condition refers to his health during a time period following the expiration of the filing deadline, the documented period was sufficiently close in time to raise a reasonable inference as to his condition at the pertinent time.").

2. **Plaintiff's limitations period to timely file an action against Defendants in federal or state court should be equitably tolled.**

Plaintiff satisfies the "diligence" prong of the equitable tolling test. Plaintiff was issued a notice of a right to sue by the EEOC on or about June 23, 2016 and had until about September 21, 2016 to file an action in federal or state court. Plaintiff filed his court complaint on November 21, 2017. He had until three years after his termination, or until November 19, 2017, to file his claims under the NYCHRL.

Plaintiff acted as diligently as reasonably could have been expected under trying circumstances. During the period between his receipt of the EEOC right to sue letter and the date of his court filing, Plaintiff attempted to end his life; suffered a second stroke and was rushed to the Intensive Care Unit at Saint Joseph's Medical Center for emergency care and was in a coma for a week; was hospitalized again at Saint Joseph's Medical Center because the doctors were

7

concerned that he would suffer a heart attack; was hospitalized again because of severe depression and anxiety; and was later partially hospitalized to receive treatment for depression and anxiety. Thus, he was incapacitated due to hospitalization and partial hospitalization the vast majority of the ninety-day period to file an action against Defendants in state or federal court under Title VII. See Harper, 648 F.3d at 142 (holding that the plaintiff showed reasonable diligence even though his hospitalization lasted for a portion of the limitations period).

Subsequent to the Title VII filing deadline, from late September 2016 to the present, Plaintiff attended psychotherapy treatment sessions at Saint Vincent's Hospital for depression, and suicidal thoughts.

During the period between receiving the right to sue letter and filing his Complaint, Plaintiff again contacted Defendants' fraud and employee relations hotlines. Plaintiff also consulted with a number of attorneys pursuant to this matter. These actions, given Plaintiff's illness, are sufficient to satisfy the "diligence" prong because, as noted above, "reasonable diligence" is the standard, not "extreme" or "exceptional diligence." Baldayaque, 338 F.3d at 153.

Similarly, Plaintiff satisfies the "extraordinary circumstances" prong of the equitable tolling test because external obstacles—Plaintiff's suicide attempt, second stroke, comatose state, hospitalization, partial hospitalization, depression and anxiety, and need to take psychotropic medications—are extraordinary and beyond Plaintiff's control. In fact, the Second Circuit has held that hospitalization can constitute extraordinary circumstances. Id. at 137.

C.  **PLAINTIFF'S COMPLAINT SHOULD BE CONSTRUED TO PLEAD A SECTION 1981 RACE DISCRIMINATION CLAIM**

Plaintiff's *pro se* complaint should be interpreted to plead a claim under Section 1981 for race discrimination. To establish a Section 1981 race discrimination claim, a plaintiff must allege

8

facts to show that: (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, like make and enforce contracts, sue and be sued, and give evidence. Young v. Lord & Taylor, LLC, 937 F.Supp.2d 346, 353 (E.D.N.Y. 2013) (quoting Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)).

The facts required in a complaint under the heightened pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009) "need only give plausible support to a minimal inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). "[A]t the pleading stage, district courts would do well to remember this exceedingly low burden that discrimination plaintiffs face." Estevez v. S & P Sales and Trucking LLC, 17 Civ. 1733 (PAE), 2017 WL 5635933, at *2 (S.D.N.Y. Nov. 22, 2017) (quoting Dawson v. N.Y.C. Transit Auth., 624 Fed.Appx. 763, 770 (2d Cir. 2015).

"A *pro se* litigant's submissions are held to less stringent standards than [those] drafted by lawyers" and "[c]ourts liberally construe *pro se* pleadings to raise the strongest arguments they suggest." Roberts v. Fischer, No. 13 Civ. 2560(WHP), 2014 WL 3858520, at *2 (S.D.N.Y. July 28, 2014) (internal citations and quotation marks omitted). Plaintiff's Complaint thus sufficiently pleaded facts that support the construing of a Section 1981 race discrimination claim because the Complaint alleged facts showing that Plaintiff is a member of the South Asian minority, that Defendants' employee intended to discriminate against Plaintiff because he is South Asian, and that Plaintiff's employment was terminated on the basis of his race, with the supposed disciplinary infractions being a pretext.

### D.   LEAVE FOR PLAINTIFF TO AMEND THE COMPLAINT IS WARRANTED

In the alternative, Plaintiff should be granted leave to amend his Complaint to include a Section 1981 race discrimination claim. Plaintiff should be granted leave to amend his Complaint because an amendment to include a claim of race discrimination under Section 1981 would not be futile. The four-year limitations period for a Section 1981 claim by Plaintiff ends on November 19, 2018 and is thus not time-barred. Of the four cases Defendants relied upon for why an amendment by Plaintiff would be futile, one—Adams v. Horton, No. 17-2061, 2018 WL 2684050, at *1 (2d Cir. June 4, 2018)—concerned a plaintiff who had already brought similar federal lawsuits twice before unsuccessfully; two—Nettis v. Levitt, 241 F.3d 186, 190 (2d Cir. 2001), and Cuoco v. Moritsugu, 222 F.3d 99, 103, 103 (2d Cir. 2000)—concerned plaintiffs who were afforded at least one opportunity to amend their complaint; and one—Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 124 (2d Cir. 1991)—concerned a proposed amended complaint which the Second Circuit found sufficient to state a claim and not futile.

"Rule 15(a) [of the Federal Rules of Civil Procedure] provides that leave to amend 'shall be freely given when justice so requires' . . . and it is rare that such leave should be denied . . . especially when there has been no prior amendment." Ricciuti, 941 F.2d at 123. The Second Circuit has held that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)) (vacating and remanding to district court with instructions to permit the *pro se* plaintiff to amend the complaint because he was not given an opportunity to do so and because the possibility that such an amendment will result in a claim being successfully pleaded cannot be ruled out).

10

Plaintiff, who is *pro se* and has yet to file an amendment, should thus be granted leave to amend the complaint. See Lewis v. University Towers Apartment Corp., 17-CV-972 (MKB), 2017 WL 1373879, at *2, 4 (E.D.N.Y. Apr. 13, 2017) (dismissing the plaintiff's Title VII claim as untimely but in light of his *pro se* status, granting leave to amend his complaint "to plead . . . facts to show that his race [or] color . . . was the reason for [his termination]").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss the Complaint, and grant Plaintiff such other and further relief as the Court deems appropriate.

Dated: July 27, 2018

Respectfully Submitted,

Ashiq K. Saudagar
Plaintiff, *pro se*